# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10493

United States Court of Appeals
Fifth Circuit

**FILED**
June 24, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSCAR MELANSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CV-162

Before HAYNES, GRAVES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Oscar Melanson, federal prisoner # 53804-177, pleaded guilty to one count of conspiracy to possess with intent to distribute a controlled substance, and the district court sentenced him to 240 months of imprisonment. Melanson seeks a certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2255 motion to vacate, correct, or set aside his sentence. He argues that the district court erred in not affording him an opportunity to reply to the Government's answer and to amend his motion. Melanson asserts that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10493

district court failed to address his ineffective assistance of counsel claims, specifically his claim that his plea was involuntary due to erroneous advice and coercion by counsel. He also argues that the district court erred by not holding an evidentiary hearing on his § 2255 motion.

To obtain a COA as to the district court's denial of his § 2255 motion, Melanson must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the movant must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Melanson has not made the requisite showing. *See id.*

In addition, Melanson does not reurge his claims of ineffective assistance of counsel in regard to sentencing enhancements under the Sentencing Guidelines. Those claims are therefore abandoned. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).

Melanson's motion for a COA is DENIED. A COA is not required to appeal the denial of an evidentiary hearing in a federal habeas proceeding. *See Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016) (28 U.S.C. § 2254 case). Melanson's request for a COA on the evidentiary hearing issue is DENIED as unnecessary and the judgment is AFFIRMED as to that claim.